# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# AUSTIN DIVISION

| | | |
|---|---|---|
| ALEXANDER CORLEY<br>Plaintiff,<br>v.<br><br>STATE FARM LLOYDS<br>Defendant. | §<br>§<br>§<br>§<br>§<br>§<br>§ | CASE NO. 1:23-cv-00905 |

## DEFENDANT STATE FARM LLOYD'S NOTICE OF REMOVAL

Defendant STATE FARM LLOYDS (hereinafter "Defendant") files this Notice of Removal pursuant to 28 U.S.C. §1441(b) and 28 U.S.C. §1332(a).

## PROCEDURAL BACKGROUND

1. Plaintiff ALEXANDER CORLEY filed this case in the 425th Judicial District Court in Williamson County, Texas on June 28, 2023. The case was docketed under cause number 23-1026-C425 (the "State Court Action").

2. State Farm was served with process on July 10, 2023.

3. State Farm filed its Original Answer on July 28, 2023.

4. Defendant timely files this its Notice of Removal pursuant to 28 U.S.C. §1446 to remove the State Court Action from the 425th Judicial District Court in Williamson County, Texas, to the United States District Court for the Western District of Texas, Austin Division.

## NATURE OF THE SUIT

5. This lawsuit involves a dispute over alleged non-payment or underpayment of insurance benefits and the handling of Plaintiff's insurance claim. Plaintiff's claim is for damages allegedly sustained to his residential property as the result of wind damage on or about February 1, 2023. Plaintiff's Original Petition at ¶ 8.

6.  The Original Petition asserts causes of action against State Farm for breach of contract, violations of Chapters 541 and 542 of the Texas Insurance Code, violations of the Deceptive Trade Practices Act, and breach of the common law duty of good faith and fair dealing. Plaintiff's Original Petition at ¶¶ 34-47.

7.  Plaintiff seeks damages including actual damages, compensatory damages, exemplary damages, treble damages, punitive damages, pre and post judgment interest, attorney's fees, and court costs. Plaintiff's Original Petition at ¶¶ 50-59.

## BASIS FOR REMOVAL

8.  The Court has jurisdiction over this action under 28 U.S.C. § 1332 because there is and was complete diversity between all real parties in interest (Plaintiff and Defendant) and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### *Diversity of Citizenship*

9.  At the time the State Court Action was commenced, Plaintiff was and still is a resident and citizen of Texas. *See* Plaintiff's Original Petition at ¶ 2.

10. Defendant State Farm was at the time this action was commenced, and still is, a citizen of Illinois. State Farm is a "Lloyd's Plan" organized under chapter 941 of the Texas Insurance Code. It consists of an unincorporated association of underwriters who were at the time this action was commenced, and still are, all citizens and residents of Illinois, thereby making State Farm Lloyds a citizen of Illinois for diversity purposes. See *Royal Ins. Co. of Am. v. Quinn-L Capital Corp.*, 3 F.3d 877, 882-83 (5th Cir. 1993) (citizenship of unincorporated association determined by citizenship of members).

11. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Illinois, there is complete diversity of citizenship among the parties.

## *Amount in Controversy*

12.     The amount in controversy requirement "is met if (1) it is apparent from the face of the petition that the claims are likely to exceed $ 75,000, or, alternatively, (2) the defendant sets forth 'summary judgment type evidence' of facts in controversy that support a finding of the requisite amount. *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002). The "summary judgment type evidence" must be provided "only when the plaintiff contests, or the court questions, the defendant's allegation" of federal jurisdiction. *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89, 135 S. Ct. 547, 554 (2014). The removing party bears the initial burden of showing that federal jurisdiction exists. *E.g., Ramirez v. Allstate Vehicle & Prop. Ins. Co.*, 490 F. Supp. 3d 1092, 1112 (S.D. Tex. 2020). When the removing party carries its burden, the party resisting removal "may avoid removal by showing, to a legal certainty, that recovery will not exceed the jurisdictional threshold." *Id.* at 1113.

13.     In his Original Petition, Plaintiff seeks "monetary relief of $250,000.00 or less, including interest, statutory or punitive damages and penalties, and attorney's fees and costs." *See* Plaintiff's Original Petition at ¶ 59. But Plaintiff also specifically states that the "damage to Plaintiff's Property is currently estimated at $20,623.49." *See* Plaintiff's Original Petition at ¶ 14.

14.     Plaintiff asserts that State Farm knowingly and intentionally violated the Texas Insurance Code and DTPA and seeks an award of treble damages. *See* Plaintiff's Original Petition at ¶ 47. Plaintiff also seeks exemplary damages for which he could recover up to $200,000.00 under the Texas Civil Practice and Remedies Code. *Id.* at ¶ 57; TEX. CIV. PRAC. & REM. CODE § 41.008. Further, Plaintiff also seeks statutory interest under the Prompt Payment of Claims Act and attorney's fees. *Id* at ¶¶ 55,59. The amount in controversy requirement is therefore met on the face of the petition.

15.     But even if the face of the pleading was not clear as to the amount in controversy, a removing party can establish the amount in controversy requirement through factual allegations that are

sufficient to demonstrate the requisite jurisdictional amount. *Simon v. Wal-Mart Stores, Inc.*, 193 F.3d 848, 851 (5th Cir. 1999). Courts within the Fifth Circuit "routinely consider presuit demand letters when evaluating amount in controversy." *Graf v. Chesapeake Energy Corp.*, No. 5:17-CV-75, 2018 U.S. Dist. LEXIS 239207, at *24 n.4 (S.D. Tex. 2018).

16. Here, Plaintiff sent a pre-suit notice letter to Defendant on April 24, 2023 stating that "should this matter proceed to litigation, we shall request the trier of fact to compensate Plaintiff $67,954.40 which represents the total amount in controversy *at this time*", "with the Additional Living Expenses (ALE) and attorney's fees continuing to accrue.". While the amount of ALE and fees that are accruing are not precisely known at this time, the Court is permitted to use "common sense" in determining whether the amount in controversy threshold is met. *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1336, (5th Cir. 1995). That common sense applies to consideration of categories of recovery like attorney's fees likely to be incurred through trial. *E.g., Christiana Tr. v. Henderson,* 181 F. Supp. 3d 375, 379 (S.D. Tex. 2016) (finding $20,000 in attorney's fees through trial to enforce a loan agreement was reasonable); *In re NORPLANT CONTRACEPTIVE Prods. Liab. Litig. v. Am. HOME Prods. Corp.,* 918 F. Supp. 178, 180 (E.D. Tex. 1996) (the "action undoubtedly would result in the accumulation of significant attorneys' fees."). Using common sense and Plaintiff's assertions for exemplary, punitive, and treble damages, the amount in controversy threshold is met.

17. Based on the foregoing, this Court has jurisdiction over the action because there is complete diversity of the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

## REMOVAL IS PROCEDURALLY CORRECT

18. This Notice of Removal is timely under 28 U.S.C. § 1446(b). Defendant was served July 10, 2023.

19. Venue is proper in this Division under 28 U.S.C. § 1441(a) because this district and division embrace the place in which the removed action has been pending.

20. In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings, and orders in the State Court Action are attached herein to the Index of Matters Filed (Exhibits 1A – 1E).

21. Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of Defendant's Notice of Removal was promptly given to all parties and to the clerk of the 425th Judicial District Court in Williamson County, Texas.

## PRAYER

Defendant respectfully requests that the State Court Action be removed and placed on this Court's docket for further proceedings. Defendant also requests any additional relief for which it may show itself justly entitled.

Respectfully submitted,

**RAMÓN WORTHINGTON NICOLAS & CANTU, PLLC**
13413 Galleria Circle
Bldg. Q, Ste. 120
Bee Cave, Texas 78738
(512) 643-6005 - Telephone
(512) 597-9397 – Facsimile

*/s/ Dania Z. Sadi*
Sarah A. Nicolas
State Bar No. 24013543
snicolas@ramonworthington.com
Stephen W. Bosky
State Bar No. 24087190
sbosky@ramonworthington.com
Marc-Anthony P. Hanna
State Bar No. 24099843
mhanna@ramonworthington.com
Dania Z. Sadi
State Bar No. 24125395
dsadi@ramonworthington.com
Electronic Service to:
efile@ramonworthington.com
**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 3, 2023, a true and correct copy of the foregoing document was served to the following:

Chad T. Wilson
Joseph Milensky
**CHAD T. WILSON LAW FIRM, PLLC**
455 E Medical Center Blvd, Suite 555
Webster, Texas 77598
T: (832) 415-1432
cwilson@cwilsonlaw.com
jmilensky@cwilsonlaw.com
**ATTORNEYS FOR PLAINTIFF**

                                                              */s/ Dania Z. Sadi*
                                                              Dania Z. Sadi